IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Abqurrah Ali,<br><br>                 Plaintiff,<br><br>v.<br><br>York Woods Apartments; Sterling Columbia Apartments, LLC,<br><br>                 Defendant. | C/A No. 3:26-cv-1217-JFA-PJG<br><br><br>**ORDER** |

### I.    INTRODUCTION

Abqurrah Ali, proceeding pro se, brings this action seeking a writ of mandamus and to compel arbitration. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the initial petition and numerous other filings, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"). (ECF No. 19). Within the Report, the Magistrate Judge opines that this case should be summarily dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of her right to object to the Report, which was entered on the docket on April 28, 2026. *Id.* The Magistrate Judge required Plaintiff to file objections by May 12, 2026. *Id.* Plaintiff failed to file objections by this date. However, Plaintiff later

1

filed a motion for extension of time to file objections (ECF No. 25) along with objections to the Report (ECF No. 25-1). Plaintiff avers she recently moved and did not receive the Report until May 28, 2026. Accordingly, the court will grant Plaintiff's motion for leave to file objections and consider Plaintiff's objections as if timely filed. Thus, this matter is ripe for review.

## II.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73

2

F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing herself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.   DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 19). The Report ultimately concludes this court lacks subject matter jurisdiction and therefore the case must be dismissed. Plaintiff lodges several objections to the Report. Each is addressed in turn.

Plaintiff's first objection states that "this action is not duplicative of Ali I or Ali II." (ECF No. 25-1, p. 1). Plaintiff avers new facts have occurred since the filing of her initial lawsuits and she is seeking different relief. A review of each of Plaintiff's lawsuits indicates this is not correct. Each of Plaintiff's three civil actions have sought to stop her eviction and force Defendant to arbitrate. Plaintiff has failed to offer any evidence showing otherwise. Accordingly, this objection is overruled.

Plaintiff's second objection states that the Report "incorrectly concludes that the Court lacks subject matter jurisdiction." (ECF No. 25-1, p. 2). In support of this objection, Plaintiff lists several statutes but provides no argument or analysis as to how they apply here. A review of the Report and this court's prior orders indicates a lack of subject matter jurisdiction and Plaintiff has failed to show how the Report was in error. Accordingly, this objection is overruled.

Plaintiff's third and final objection states that the Report "does not address the emergency TRO factors." (ECF No. 25-1, p. 3). Plaintiff is correct that the Report did not discuss the merits of Plaintiff's substantive claims. The Report failed to address these claims because this court lacks jurisdiction. Without subject matter jurisdiction, this court must dismiss the case and take no further action. Accordingly, Plaintiff has failed to show any error in the Report, and these objections are overruled.

IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of

4

the Report to which Defendant specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 19). For the reasons discussed above and in the Report, this matter is summarily dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction. In addition, all other pending motions are hereby terminated based on the court's finding that it lacks subject matter jurisdiction over this action.

IT IS SO ORDERED.

June 5, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge